# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW WILD; MARK WOODARD; RICHARD HANEY; NICOLAS URUCHURTU; DANIEL QUIRING; RALPH HUBBARD; MARLA JAMES; and GEORGE MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO; KEVIN L. FAULCONER, in his official capacity as Mayor of San Diego; and GAIL R. GRANEWICH, in her official capacity as City Treasurer of San Diego,<br><br>Defendants. | CASE NO. 14cv2204 JM (MDD)<br><br>ORDER GRANTING MOTION TO DISMISS; REMANDING ACTION |

Defendants City of San Diego, Mayor Kevin L. Faulconer, and City Treasurer Gail Granewich move to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Fed.R.Civ.P. 12(e). Plaintiffs have not filed an opposition nor a statement of non-opposition as required by L.R. 7.1(e)(2). Pursuant to L.R. 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the only two federal claims, declines to exercise supplemental jurisdiction over the state law claims, and remands the action to state court.

**BACKGROUND**

On August 13, 2014, Plaintiffs commenced this action in the Superior Court of the State of California in and for the County of San Diego. The state court complaint alleged two federal claims and four state law claims. The federal claims arise under the Americans with Disability Act ("ADA"), 42 U.S.C. §12101 et seq. and the Rehabilitation Act of 1973, 29 U.S.C. §701. On September 16, 2014, Defendants removed this action, asserting federal question jurisdiction under 28 U.S.C. §1331 over the two federal claims and supplemental jurisdiction under 28 U.S.C. §1367 over the state law claims.

In broad brush, the complaint alleges that Plaintiffs suffer from physical or mental disabilities that substantially limit a major life activity. (Compl. ¶2). Plaintiffs' physicians have recommended marijuana to treat their medical conditions. Id. Plaintiffs allege that the City of San Diego enacted Ordinance O-20356 to regulate marijuana distributors. This Ordinance allegedly prohibits, regulates, restricts and controls collectives providing medical marijuana. (Compl. ¶50). The collectives to which Plaintiffs are members have allegedly been ordered to close, and eviction proceedings against these collectives are going forward. Plaintiffs allege that the Ordinance violates the ADA, the Rehabilitation Act, and several state law statutes.

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly

suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

Defendants assert that medical marijuana use is not protected by either the ADA or the Rehabilitation Act. In <u>James v. City of Costa Mesa</u>, 700 F.3d 394, 397 (9th Cir. 2012), the Ninth Circuit held that "medical marijuana is not protected by the ADA." Plaintiffs do not dispute that the federal claims must be dismissed under <u>James</u>. Accordingly, the court grants the motion to dismiss all federal claims.

**Supplemental Jurisdiction**

In light of the dismissal of the federal claims, the court concludes that it lacks subject matter jurisdiction under 28 U.S.C. §1331 to entertain Plaintiffs' state law causes of action. Once all federal claims are dismissed from an action, the court has

1  discretion to decline to exercise supplemental jurisdiction over the state law claims.
2  28 U.S.C. §1367(a).  The party invoking federal jurisdiction has the burden to
3  demonstrate its existence.  See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992);
4  B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981).

   Here, there is presently no federal claim over which the court has original jurisdiction and the court declines to exercise supplemental jurisdiction over the state law claims.  When federal claims are dismissed early in the case, courts routinely decline to exercise supplemental jurisdiction over the remaining state law claims.  See Carnegie-Melon Univ. v. Cohill, 484 U.S. 342, 350 (1988).  Where a district court declines to exercise supplemental jurisdiction, the state law claims should be expressly dismissed without prejudice.  Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). As considerations of judicial economy, convenience and fairness to the parties do not strongly support the retention of jurisdiction, the court declines to address the state law claims.

   In sum, the court grants the motion to dismiss the federal claims with prejudice, declines to exercise supplemental jurisdiction over the state law claims, and remands this action  the Superior Court of the State of California in and for the County of San Diego.

   **IT IS SO ORDERED.**

   DATED:  November 13, 2014

   _____
   Hon. Jeffrey T. Miller
   United States District Judge

   cc:      All parties